# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

JAMES EATON, Appellant, v. WILLIAM H. WELLS, Respondent, Impleaded with MARTHA JANE CROSS and Others.

*Tender after the commencement of an action, must include costs incurred—when no findings need be made on a trial by the court.*

Appeal from an order made on May 3, 1880, vacating the judgment entered herein, on the ground that no decision was filed.

The action was brought to foreclose a mortgage upon premises situated in Brooklyn. The complaint is in the usual form, setting forth the bond and mortgage, and alleging a breach of their conditions, whereby the principal sum became due.

All the defendants were in default, except the respondent, Wells, who interposed an answer, denying in substance the breach of condition, and alleging affirmatively a tender of the amount due on the mortgage (without costs) after action brought.

The cause was noticed and placed on the Special Term calendar for March, and, upon the call of the case the plaintiff moved for judgment upon the pleadings as against the defendant, Wells, and upon the usual affidavits showing default, as against the other defendants. The motion was granted upon the argument, and thereupon an order and decision was filed and entered on March 31, 1880, reciting the proceedings, and directing judgment against all the defendants. On April 2, 1880, the decree of foreclosure and sale was signed, and on April 3 was filed. It recites the proceed-

ings already had, refers to the foregoing order, and directs the sale of the mortgaged premises. On April 20, the respondent, Wells, obtained an order requiring plaintiff to show cause why the judgment of foreclosure and sale should not be vacated and set aside, " because no findings or decisions have been made herein." This is the only irregularity specified in the motion papers. The object of Wells in making the motion is set forth in the affidavit of his attorney, Mr. Ingraham, viz. : " Deponent further says, that the defendant Wells has instructed him to appeal from the judgment herein." " That by reason of the plaintiff's failure to obtain findings, deponent is unable to file exceptions on which to base the appeal, and is fearful that without exceptions the appeal might be dismissed." This application of Wells to vacate the judgment was granted, with costs of the motion against the plaintiff.

The court, at General Term, said : " I think the order appealed from should be reversed. The action was for the foreclosure of a mortgage. William H. Wells, one of the defendants, answered, setting up a tender after suit brought. There was no issue tried. There was no evidence given. The tender after suit brought without a tender of costs, and without an order permitting a tender without costs, made out no defense.

" There could be no findings of fact. There was no place for a written decision as if upon a trial. Upon the pleadings the court ordered a judgment, and this order, recited the history of this trial so far as there was a trial, fully. An appeal from the judgment would bring up for review this order, if stated in the notice of appeal.

" Order reversed, with costs and disbursements."

*Erastus New*, for the appellant.

*Wm. M. Ingraham*, for the respondent.

Opinion by BARNARD, P. J.; DYKMAN, J., concurred; GILBERT, J., not sitting.

Order reversed, with costs and disbursments.